Rory T. Kay, Esq. (NSBN 12416)
Tara U. Teegarden, Esq. (NSBN 15344)
Kiley A. Harrison, Esq. (NSBN 16092)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com
kharrison@mcdonaldcarano.com

Kevin A. Adams, Esq. (*Admitted Pro Hac Vice*)
CA State Bar No. 239171
Robert A. Schultz, Esq. (*Admitted Pro Hac Vice*)
CA State Bar No. 305367
MORTENSON TAGGART LLP
300 Spectrum Center Dr., Suite 1200
Irvine, CA 92618
Telephone: (949) 774-2224
Facsimile: (949) 774-2545
kadams@mortensontaggart.com
rschultz@mortensontaggart.com

*Attorneys for Plaintiff/Counterdefendant*
*STOP Franchising SPE LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STOP FRANCHISING SPE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MENDOZA, INC, a Nevada corporation; MICHAEL MENDOZA, an individual; and DOES 1 THROUGH 10,<br><br>Defendants. | Case No.: 2:22-cv-01471-GMN-BNW<br><br>**PLAINTIFF/COUNTERDEFENDANT STOP FRANCHISING SPE LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT/COUNTERCLAIMANT'S SECOND AND THIRD COUNTERCLAIMS FOR RELIEF [ECF No. 31]** |
| MICHAEL MENDOZA, INC., a Nevada Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>STOP FRANCHISING SPE LLC, a Delaware limited liability company,<br><br>Counterdefendant. | |

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1   Plaintiff/Counterdefendant STOP Franchising SPE LLC ("STOP"), by and through its

2   counsel of record, hereby submits the following Reply in Support of its Motion to Dismiss

3   Defendant/Counterclaimant's Second and Third Counterclaims for Relief [ECF No. 31] (the

4   "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 38.]

5                    **MEMORANDUM OF POINTS AND AUTHORITIES**

6   **I.    INTRODUCTION**

7           In Defendant/Counterclaimant Michael Mendoza, Inc.'s ("Mendoza") opposition to

8   STOP's Motion (the "Opposition"), Mendoza evades addressing the major deficiencies of its

9   Counterclaim and misapplies applicable law. [*See generally* ECF No. 40]. As STOP demonstrated

10  in its Motion, Mendoza's second counterclaim for breach of the implied covenant of good faith and

11  fair dealing fails as a matter of law and cannot survive dismissal because: (i) it is impermissibly

12  duplicative of its first counterclaim for breach of contract, (ii) it fails to contain allegations

13  regarding all the required elements, and (iii) it does not meet the *Iqbal/Twombly* plausibility

14  standard. Mendoza's third counterclaim for unjust enrichment fails as a matter of law as well

15  because Mendoza alleges that the parties' relationship is governed by two agreements and an unjust

16  enrichment claim cannot exist where the parties' relationship is governed by a written agreement.

17  Mendoza's Opposition does nothing to change these conclusions, and STOP respectfully requests

18  that the Court dismiss Mendoza's second and third counterclaims with prejudice.

19  **II.   LEGAL ARGUMENT**

20          **A.    Mendoza's Second Counterclaim for Breach of the Implied Covenant of Good
                   Faith and Fair Dealing Fails.**

21

22          As STOP detailed in its Motion, Mendoza's second counterclaim for breach of the implied

23  covenant of good faith and fair dealing fails for three reasons: (i) it is impermissibly duplicative,

24  (ii) it fails to plead all essential elements of the claim, (iii) it fails to meet the *Iqbal/Twombly*[1]

25  plausibility standard. [*See generally* ECF No. 38]. In its Opposition, Mendoza misconstrues

26

27

28  [1]     *See* the *Iqbal/Twombly* plausibility standard as set forth in the Motion. [ECF No. 38 at 5:3-
        17.]

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1  applicable law in response to the first argument, fails to even address the second argument, and

2  improperly seeks to add facts to its Counterclaim in response to the third argument. Nothing in the

3  Opposition therefore refutes any of the three, independent bases to dismiss Mendoza's second

4  Counterclaim.

5                    **i.        <u>Mendoza's second counterclaim is impermissibly duplicative.</u>**

6       Mendoza contends in its Opposition that its implied covenant counterclaim is not

7  duplicative of its breach of contract counterclaim. [ECF No. 40 at 3:18-19.] Mendoza is mistaken.

8       Mendoza concedes in the Opposition that its first counterclaim for breach of contract and

9  its second counterclaim for breach of the implied covenant of good faith and fair dealing involve

10  the same purported misconduct. [ECF No. 31 at p. 15-18, ¶¶ 13-46]; [*see generally* ECF No. 40 at

11  p. 3.] Mendoza's second counterclaim for breach of the implied covenant even explicitly repeats

12  and incorporates the allegations in the preceding paragraphs, including the various breaches of the

13  2010 Agreement and the 2016 Agreement (collectively, the "Agreements") that comprise its first

14  counterclaim for breach of contract. [ECF No. 31 at p. 18, ¶ 41.] Mendoza apparently tries to

15  circumscribe the implied covenant claim to the single issue of royalty payments, but ignores the

16  fact that the royalty issue is described in the Counterclaim as a contractual issue: "under the

17  contract, the royalty payment was to be assessed on materials and labor, only." [*See* ECF No. 31 at

18  p. 17, ¶ 32.] As a result, regardless of whether the scope of the implied covenant claim includes all

19  of the purported breaches of contract or just the royalty issue, the implied covenant counterclaim is

20  impermissibly duplicative of the breach of contract counterclaim and must be dismissed. *Shaw v.*

21  *CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) (citation omitted) (recognizing that

22  a "claim alleging breach of the implied covenant of good faith and fair dealing cannot be based on

23  the same conduct establishing a separately pled breach of contract claim").

24       Mendoza does not cite any case law that supports its position, and its attempts to distinguish

25  the cases STOP relies upon fall well short. Mendoza ignores the fact that *Shaw* explicitly states that

26  an implied covenant claim cannot "cannot be based on the same conduct establishing a separately

27  pled breach of contract claim." *See Shaw*, 201 F. Supp. 3d at 1252. Instead, Mendoza attempts to

28  use *Shaw* to argue that "charging and collecting improper royalties 'injured Mendoza's right to

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    receive the benefits of the agreement.'" [ECF No. 40 at 4:18-19.] This argument, however, ignores

2    the fact that the breach of contract and breach of implied covenant counterclaims are based on the

3    exact same conduct, which *Shaw* recognizes is impermissible.

4        Mendoza's analysis regarding *Daly*[2] is similarly unavailing. Unlike in *Daly* where the

5    Northern District Court of California refused to dismiss an implied covenant claim because of the

6    plausibility that such a claim was distinguishable from plaintiff's breach of contract claim,

7    Mendoza's implied covenant claim and breach of contract claim here are indistinguishable for the

8    reasons described herein (*i.e.*, the claims are based on the same purported misconduct and rooted

9    in contract language as alleged throughout the Counterclaim). *See Daly*, 2010 U.S. Dist. LEXIS

10   116048, at *4.

11       For these reasons, STOP respectfully requests this Court to find that Mendoza's implied

12   covenant counterclaim fails as a matter of law as impermissibly duplicative because the second

13   counterclaim is based on the same exact conduct at issue in the first counterclaim for breach of

14   contract. *See Houston v. GEICO Cas. Co.*, 2:20-cv-01505-GMN-BNW, 2021 WL 682060, at *3

15   (D. Nev. Feb. 22, 2021) (dismissing implied covenant claim because the entire complaint was

16   predicated on breach of contract).

ii.    **<u>Mendoza fails to address its failure to allege all elements of an implied covenant of good faith and fair dealing counterclaim.</u>**

19       As a second, independent basis to dismiss Mendoza's second counterclaim, STOP argued

20   in its Motion that Mendoza failed to allege all elements of its implied covenant claim, namely literal

21   compliance with the Agreements. [ECF No. 38 at 7:10-23.] Mendoza fails to even address this

22   argument. [ECF No. 40 at p. 5:16-18.] Mendoza's failure to address this argument alone is a basis

23   to dismiss the second counterclaim. *See, e.g.*, *S. Nev. Shell Dealers Ass'n v. Shell Oil Co.*, 725 F.

---

[2]    For clarification, *Shaw* only cites to *Daly v. United Healthcare Ins. Co.*, No. 3:13-cv-0445-LRH-VPC, 2010 U.S. Dist. LEXIS 116048, at *4 (N.D. Cal. 2010) for the proposition that "[i]t is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Shaw*, 201 F. Supp. 3d at 1253.

1    Supp. 1104, 1109 (D. Nev. 1989) (recognizing that a party "implicitly conceded" an argument by

2    failing to oppose it in a motion); *Hopkins v. Women's Div., General Bd. of Global Ministries*, 238

3    F. Supp. 2d 174, 178 (D.D.C. 2002) (noting "when a plaintiff files an opposition to a motion to

4    dismiss addressing only certain arguments raised by the defendant, a court may treat those

5    arguments that the plaintiff failed to address as conceded") (citation omitted).

6            Even if Mendoza is pleading alternative theories as it contends, Mendoza is still required to

7    allege all elements of each claim. *See Houston*, 2021 WL 682060, at *3 (noting that when pleading

8    alternative theories of liability, "all elements of each cause of action still must be properly plead").

9    Mendoza has indisputably failed to do so by failing to allege literal compliance with the 2010 and

10   2016 Agreements. Instead, Mendoza alleges throughout the Counterclaim that STOP breached both

11   contracts in various respects. This is a quintessential failure to state a claim. *See Razaghi v. Razaghi*

12   *Dev. Co., LLC*, 2:18-cv-01622-GMN-DJA, 2020 WL 5821829, at *8 (D. Nev. Sept. 30, 2020); *see*

13   *also Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

14          STOP therefore respectfully requests the Court dismiss the second counterclaim for this

15   second, independent basis as well.

### iii.     Mendoza's Opposition is conclusory and does not meet the *Iqbal/Twombly* plausibility standard.

18          STOP argued in its Motion that Mendoza's implied covenant counterclaim fails for failing

19   to allege facts to satisfy the *Iqbal/Twombly* standard. Mendoza's Opposition does not directly refute

20   this argument, but rather seeks to improperly amend its insufficient pleading with "facts" in the

21   Opposition that are not asserted in the Counterclaim. [*See* ECF No. 40 at 6:4-21.] This is not

22   permitted. *See Houston*, 2021 WL 682060, at *2 (noting that a district court may not consider

23   materials beyond the pleadings on a motion to dismiss) (citation omitted); *see also Sabina v. James*

24   *River Ins. Co.*, No. 2:20-cv-1456-JCM-BNW, 2020 WL 6545866, at *2 (D. Nev. Nov. 6, 2020)

25   (stating that "the court cannot consider new facts alleged in [] opposition to a motion to dismiss")

26   (citation omitted); *Schneider v. Cal. Dep't. of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The

27   'new' allegations contained in the . . . opposition motion, however, are irrelevant for Rule 12(b)(6)

28   / / /

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1   purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond

2   the complaint to a plaintiff's moving papers . . .").

3        The allegations in the Counterclaim are insufficient and conclusory. There are no allegations

4   as to how STOP's purported conduct went against the intention and spirit of the Agreements, or

5   that Mendoza's expectations were justified. [*See generally* ECF No. 31.] Moreover, Mendoza's

6   Counterclaim fails to allege that it was STOP who required a certain type of royalty payment (*e.g.*,

7   inclusive of taxes) as opposed to Mendoza calculating and issuing the royalty payments about which

8   it now complains. These facts must be, but are not alleged. As a result, the second counterclaim

9   falls well short of satisfying the *Iqbal/Twombly* plausibility standard and should be dismissed.

10             **B.**     **Mendoza's Third Counterclaim for Unjust Enrichment Fails.**

11        Mendoza concedes, as it must, that unjust enrichment claims fail where there is contractual

12   relationship between the parties. [ECF No. 40 at 6:23-24.] Yet, Mendoza makes a strained argument

13   that its unjust enrichment claim may proceed because it argues that one of the two contracts between

14   the parties was not signed. [ECF No. 40 at 6:24-25.] This argument can be quickly rejected.

15        When assessing STOP's Motion, all allegations in the Counterclaim must be taken as true.

16   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "a court must accept as true all of the

17   allegations contained in a complaint"). Mendoza alleges that there are two contracts between the

18   parties, the 2010 Agreement and the 2016 Agreement. [ECF No. 31 p. 15, ¶¶ 6-11]. There is no

19   allegation anywhere in the Counterclaim that one of these Agreements is not valid. [*See generally*

20   ECF No. 31]. Indeed, Mendoza alleges that STOP breached both of the Agreements, and seeks

21   contractual remedies based on breaches of both the express and implied terms of those

22   contracts. [*Id.* at p. 15-18, ¶¶ 13-46.] Mendoza even reiterates in other sections of its Opposition

23   that the Agreements govern the parties' relationship. [*See* ECF No. 40 at p. 3, n.1.]  Therefore,

24   based on the allegations in the Counterclaim, which must be taken as true, there are express

25   agreements that govern the parties' relationship and Mendoza cannot assert a counterclaim for

26   unjust enrichment.  *See Razaghi*, 2020 WL 5821829, at *13 (citing *Leasepartners Corp. v. Robert

27   L. Brooks Trust*, 113 Nev. 747, 755 (1997)); *see also WMCV Phase 3, LLC v. Shushok & McCoy,

28   Inc.*, 750 F. Supp. 2d 1180, 1197 (D. Nev. 2010) (recognizing that "[u]njust enrichment is an

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

1    equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where

2    there is an express written agreement").

3         Additionally, Mendoza should not be permitted to amend its Counterclaim to allege that

4    the 2016 Agreement is somehow invalid or unenforceable because it was not signed. If a litigant

5    would have to contradict its prior pleading to cure a defect found in a motion to dismiss, amendment

6    is futile and unavailable. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990). This is

7    because amendment of a pleading is limited to "other facts consistent" with the pleading that was

8    originally challenged. *Id.* at 297. Here, if Mendoza amended its third counterclaim to state that the

9    2016 Agreement is unenforceable because it is unsigned, that would directly contradict its original

10   Counterclaim. As a result, Mendoza should not be afforded the opportunity to amend this third

11   counterclaim and it must be dismissed without leave to amend. *See id.* at 297 (affirming dismissal

12   with prejudice because amendment would be futile since the litigant could not cure the deficiencies

13   without contradicting its original pleading); *see also Airs Aromatis, LLC v. Victoria's Secret Stores*

14   *Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (recognizing that "[a] party cannot amend

15   pleadings to 'directly contradict[t] an earlier assertion made in the same proceeding'") (citation

16   omitted).

17        **C.      Leave to Amend Should Not be Granted.**

18        In passing, Mendoza requests leave to amend should the Court grant STOP's Motion. [ECF.

19   40 at 6:18-21.] Mendoza does not, however, articulate how it could amend facts that would save its

20   second or third counterclaims. There are no non-contradictory terms Mendoza can allege that would

21   save its claims and, therefore, they must be dismissed with prejudice as futile.

22   / / /

23

24   / / /

25

26   / / /

27

28   / / /

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

III.    **CONCLUSION**

For the foregoing reasons, STOP respectfully request this Court grant its Motion in the entirety.

Respectfully submitted this 3rd day of January, 2023.

McDONALD CARANO LLP

By: /s/ *Kiley A. Harrison*
    Rory T. Kay, Esq. (NSBN 12416)
    Tara U. Teegarden, Esq. (NSBN 15344)
    Kiley A. Harrison, Esq. (NSBN 16092)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102

    Kevin A. Adams, Esq. (Admitted *Pro Hac Vice*)
    Robert A. Schultz, Esq. (Admitted *Pro Hac Vice*)
    MORTENSON TAGGART LLP
    300 Spectrum Center Dr., Suite 1200
    Irvine, CA 92618

    *Attorneys for Plaintiff, STOP Franchising SPE LLC*

## CERTIFICATE OF SERVICE

I certify that I am an employee of McDonald Carano LLP, and that on the 3rd day of January, 2023, a true and correct copy of the foregoing **PLAINTIFF/COUNTERDEFENDANT STOP FRANCHISING SPE LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT/COUNTERCLAIMANT'S SECOND AND THIRD COUNTERCLAIMS FOR RELIEF [ECF No. 31]** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

 /s/ *CaraMia Gerard*
An employee of McDonald Carano LLP